**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:13-CV-175-RJC-DCK**

| | | |
|---|---|---|
| **BOBBY J. KINSER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CONSENT PROTECTIVE ORDER** |
| **UNITED METHODIST AGENCY** | ) | |
| **FOR THE RETARDED – WESTERN** ) | | |
| **NORTH CAROLINA, INC.,** | ) | |
| **d/b/a UMAR** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

The parties hereto having consented through their respective attorneys to the entry of this Consent Protective Order in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

1.      This Order shall govern all documents produced by Plaintiff and Defendant United Methodist Agency for the Retarded – Western North Carolina, Inc., d/b/a UMAR (hereinafter "UMAR") in this action. Furthermore, this Order shall govern all information derived from such documents and copies, excerpts or summaries thereof.

2.      The following documents shall be designated as confidential:

    (a)      Plaintiffs federal and state income tax returns;

    (b)      Any documents from the personnel, employment, medical or payroll file of any employee or former employee of UMAR, including, but not limited to, wage and salary information and other compensation documents.

(c)     UMAR's trade secrets, confidential and/or proprietary business/employer information;

(d)     Confidential and/or proprietary business/employer information related to UMAR's Board of Directors.

(e)     Any other documents which a party in good faith designates as "Confidential".

3.      Such confidential documents shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose and shall not be disclosed to any other person or third party other than:

(a)     Counsel for the parties in the above-captioned action, including employees of such counsel to the extent necessary to render professional services in the above-captioned action;

(b)     Plaintiff, but only as set forth in Paragraph 4 below;

(c)     The Court, persons employed by the Court working on this litigation, and jurors or prospective jurors;

(d)     Court reporters at the proceedings in this action;

(e)     Experts or consultants retained or consulted by the parties, but only as set forth in Paragraph 4 below; and

(f)     Deponents, trial witnesses, potential fact witnesses, and potential deposition witnesses, but only as set forth in Paragraph 4 below.

(g)     Officers and employees of Defendant who provide material assistance to the legal representation of Defendant in this action.

4.      Prior to making such disclosure of any confidential documents or information pursuant to Paragraph 3, counsel for the parties in this action shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof: may only be

used for the purpose set forth in this Consent Protective Order. Additionally, each person to whom disclosure of confidential documents and information is permitted shall be shown a copy of this Order and shall be specifically advised by counsel that this Order applies to, and is binding upon such individual. Additionally, prior to the disclosure of any confidential information or documents, any person to whom disclosure is being made shall be required to sign the acknowledgment known as "Exhibit A".

5.      Within thirty (30) days of the conclusion of this matter, each party shall return the documents designated as confidential or destroy said documents. If requested, counsel for each party shall furnish a certificate of compliance that all documents designated as confidential have been returned or destroyed.

6.      Nothing in this Order shall prevent a party from any use of his or her own confidential documents.

7.      The inadvertent or unintentional disclosure of any confidential information shall not be construed to be a waiver, in whole or part, of Plaintiff's or Defendant's claims of confidentiality, either as to the specific confidential information disclosed or as to other related information.

8.      Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

9.      The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties or by Order of the Court.

10.      The ultimate disposition of protected materials shall be subject to a final Order of the Court upon completion of the litigation.

**IT IS SO ORDERED.**

Signed: December 10, 2013

David C. Keesler
United States Magistrate Judge

Todd J. Combs
N.C. State Bar No. 23381
Combs Law, PLLC
108 Gateway Blvd., Suite 206
Mooresville, NC  28117
Telephone: 704-799-2662
Facsimile: 888-254-0111
E-mail: todd@combslaw.org

N.C. State Bar No. 22573
Attorney for Defendant
Nexsen Pruet, PLLC
227 West Trade Street, Suite 1550
Charlotte, NC 28202
Telephone: 704-339-0304
Facsimile: 704-805-4730
E-mail: jcole@nexsenpruet.com