IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-175-RJC-DCK

| | |
|---|---|
| BOBBY J KINSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED METHODIST AGENCY FOR THE ) | |
| RETARDED - WESTERN NORTH ) | |
| CAROLINA, INC., d/b/a UMAR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Compel Or Dismiss" (Document No. 9) and "Plaintiff's Motion To Extend Deadline For Discovery" (Document No. 15). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>grant</u> in part and <u>deny</u> in part "Defendant's Motion To Compel…," and <u>deny as moot</u> "Plaintiff's Motion To Extend Deadline For Discovery."

### I. BACKGROUND

Bobby J. Kinser, ("Plaintiff" or "Kinser") initiated this action with the filing of his "Complaint" (Document No. 1) on March 19, 2013. Plaintiff asserts claims for sex and age discrimination pursuant to Title VII of the Civil Rights Act against his former employer United Methodist Agency For The Retarded – Western North Carolina, Inc. ("Defendant" or "UMAR"). Defendant filed its "Answer To Complaint" (Document No. 4) on May 3, 2013. On May 30, 2013, the Court issued a "Pretrial Order And Case Management Plan" (Document No. 8), which included the following pertinent deadlines: discovery completion – January 10, 2014;

Mediation January 28, 2014; Dispositive Motions - February 10, 2014; and Trial – May 5, 2014.

"Defendant's Motion To Compel Or Dismiss" (Document No. 9) was filed on October 8, 2013. "Plaintiff's Opposition …." (Document No. 10) was filed October 25, 2013; and the "Reply to Plaintiff's Opposition…" (Document No. 11) was filed November 4, 2011. Also pending before the Court is "Plaintiff's Motion To Extend Deadline For Discovery" (Document No. 15).

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's

substantial discretion in resolving motions to compel); and <u>LaRouche v. National Broadcasting Co.</u>, 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A). Likewise, if a motion is denied, the Court may award reasonable expenses, including attorney's fees, to the party opposing the motion. Fed.R.Civ.P. 37(a)(5)(B).

### III. DISCUSSION

By the pending motion, Defendant moves

> to compel Plaintiff to produce all documents that are responsive to Defendant's Interrogatory Requests Nos. 10, 11, and 12 and Defendant's Document Requests Nos. 7 and 8, or, in the alternative, to dismiss any and all claims for damages for medical expenses, emotional pain, mental anguish, pain and suffering, and physical, mental or emotional injuries arising from Plaintiff's claims.

(Document No. 9, p.1). Defendant actually presents little, if any, argument or authority supporting dismissal of any claims; as such, the undersigned will construe the pending motion as a motion to compel, only.

The discovery requests at issue, and their responses, are as follows:

> 10. In paragraph 8 of the Prayer for Relief in his Complaint, Plaintiff requests damages for "mental anguish and pain and suffering caused by Defendant." State the name and address of each physician, psychiatrist, psychologist, counselor, or any other healthcare provider **Plaintiff has seen in regard to these alleged damages**; the name and address of each hospital treatment center or other healthcare institution in which Plaintiff received treatment; and the date(s) when such treatment was provided.
>
> **RESPONSE**:

3

Plaintiff has no health insurance and has been unable to secure proper health care treatment.

11. For each instance in which Plaintiff received counseling or treatment for any type of mental, psychological, and/or emotional issues during the ten (10) years prior to the alleged incident(s) **which form the basis of his claims against Defendants**, identify the person or entity for whom Plaintiff received his counseling or treatment; the approximate date(s) on which Plaintiff received such counseling or treatment; and describe the reason(s) for counseling or treatment.

**RESPONSE:**

Plaintiff went to marriage counseling around 2007 for about 3-4 sessions. In March 2012 after Plaintiff's termination, Plaintiff spoke to his physician about his termination. The physician did not prescribe any medical treatment for Plaintiff related to anxiety/depression because Plaintiff did not have health insurance.

12. Identify by name, address, and practice group (if any) all doctors, therapists, clinics, hospitals, and other healthcare providers who have provided healthcare treatment to Plaintiff since 2002, and for each provider, state the date(s) and reason(s) for such treatment.

**RESPONSE:**

Jeffrey A. Berger, MD
Lakeside Family Physicians
16525 Holly Crest Lane, Suite 150
Huntersville, NC 28078

(Annual physicals/monitoring of cholesterol)

. . .

**DOCUMENT REQUEST 7:**

All progress notes, prescriptions or medication information, insurance statements, records, bills, providers' statements, receipts, invoices, and other documents related to any treatment, counseling, or other care or services provided to Plaintiff by any physician, psychiatrist, psychologists, psychoanalyst, social worker, therapist, counselor, or other individual **identified in response to Interrogatory Nos. 10, 11 and 12**. Defendants request that

Plaintiff execute and return the attached authorization for release of medical records (Attach. A., authorization for Release of Information) **for each of the healthcare providers identified in responses to these interrogatories**.

**RESPONSE:**

Plaintiff objects to Request No. 7 on the grounds that it is overly broad as to the time and scope, unduly burdensome and seeks information that is not relevant to the subject matter of this lawsuit and seeks the production of documents that are neither relevant, to his action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Plaintiff will produce medical information related to the claims in this action: None to date.

**DOCUMENT REQUEST 8:**

Any and all documents that show or tend to show Plaintiff's alleged "mental anguish and pain and suffering," which he allegedly experienced as a result of the events that are the subject matter of this action.

**RESPONSE:**

See attached.[1]

(Document No. 9-4, pp.8-9, 13) (emphasis added).

After careful review of the parties' arguments and authority, it appears to the undersigned that Plaintiff has adequately responded to Defendant's Interrogatory Requests Nos. 10, 11 and 12.[2] According to Plaintiff, the only healthcare provider Plaintiff has seen since 2002 is Dr.

---

[1] It is unclear to the undersigned what information "See attached" is referencing. It does not appear that either party included the attachment(s) with their briefs.

[2] Plaintiff's counsel states that he was "unable to locate, obtain or read any of the other cases cited" by Defendant. (Document No. 10-5, p.8). It appears that most, if not all, of the cases cited by Defendant are decisions by the Fourth Circuit and the U.S. District Courts in North Carolina, that should not be difficult to locate. To the extent counsel fails or declines to review cases important to issues pending before the Court, he is respectfully advised to avail himself of an adequate legal search engine, law library, or other appropriate source for legal research. To do otherwise is a disservice to this Court and to his clients.

Jeffrey A. Berger.  (Document No. 9-4, p.9).  Moreover, Plaintiff asserts that he has not been seen or treated "in regard to these alleged damages."  (Document No. 9-4, p.8).

However, it does appear that Plaintiff's responses to Document Request Nos. 7 and 8 are somewhat deficient.  There is no dispute that Plaintiff has seen Dr. Berger, and even discussed the underlying facts of this case with Dr. Berger.  (Document No. 10-5, p.4).  As such, the undersigned agrees that the production requested by Document Request Nos. 7 and 8, at least as relates to Dr. Berger, is discoverable and has been inappropriately withheld.

To the extent Defendant seeks a Release of Information for all of Plaintiff's medical records for the ten (10) years prior to the filing of this lawsuit, the undersigned agrees that such request is overly broad.  Instead, the undersigned directs Plaintiff to provide the information requested by Document Request No. 7 for the three (3) years immediately preceding the filing of this lawsuit, or to issue an appropriate Release of Information allowing Defendant to seek the same.  Presumably, such production will only involve information related to Plaintiff's visits with, and/or treatment prescribed by, Dr. Berger;  however, Plaintiff shall affirm in writing to Defendant that Dr. Berger is the only healthcare provider he has seen from March 19, 2010, through the present.  In addition, Plaintiff shall fully respond, and/or supplement his response, to Document Request No. 8.

At this time the Court will deny without prejudice both parties' requests for costs and fees;  either party may renew its request, if there is a failure to appropriately complete discovery in this matter.

The undersigned recognizes that the "Plaintiff's Motion To Extend Deadline For Discovery" (Document No. 15) is not yet fully ripe.  <u>See</u> (Document No. 16).  Based on the Court's decision on the motion to compel, and in the interests of judicial economy, the

undersigned will *sua sponte* extend certain deadlines in this case and deny Plaintiff's motion as moot.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Compel Or Dismiss" (Document No. 9) is **GRANTED in part and DENIED in part**.  Plaintiff shall respond to the requested discovery as directed herein, on or before **January 29, 2014**.

**IT IS FURTHER ORDERED** that the case deadlines are revised as follows:

| | |
|---|---|
| Discovery Completion | **February 10, 2014**; |
| Mediation Report | **February 21, 2014**; |
| Dispositive Motions | **February 28, 2014**. |

**IT IS FURTHER ORDERED** that "Plaintiff's Motion To Extend Deadline For Discovery" (Document No. 15) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: January 14, 2014

David C. Keesler
United States Magistrate Judge