# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-175-RJC-DCK

| BOBBY J KINSER, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| UNITED METHODIST AGENCY FOR THE RETARDED - WESTERN NORTH CAROLINA, INC., d/b/a UMAR, | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Reconsideration Of Extension Of Time To File Response To Defendant's Motion To Strike And Incorporated Memorandum Of Law" (Document No. 37) filed June 18, 2014 and "Defendant's Response…" (Document No. 38) filed on June 19, 2014. The pending motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and applicable authority, the undersigned will grant the motion.

As an initial matter, the undersigned observes that while Plaintiff shows good cause for being unable to meet deadlines between June 23, 2014 and on or about July 4-8, 2014, neither "Plaintiff's Motion For Extension Of Time To File Response to Defendant's Motion To Strike…" (Document No. 35), nor the instant motion, offer any explanation for why Plaintiff could not file a timely response to the "Motion To Strike…" by June 16, 2014. See (Document No. 37). Moreover, Plaintiff waited until the last moment to seek an extension of time and to attempt to confer with opposing counsel. (Document No. 35, p.2; Document No. 38). Not

surprisingly, Plaintiff failed in his original motion and the instant motion, to show that the parties have conferred and attempted in good faith to resolve areas of disagreement, and to set forth which issues remain unresolved.  See Local Rule 7.1 (B).

The undersigned further observes that the instant motion includes an allegation that Defendant also failed to satisfy Local Rule 7.1 (B) when it filed its pending "Motion To Strike…" (Document No. 34) on May 30, 2014.  Plaintiff's counsel contends that an attorney from Defendant's firm, who apparently has not appeared in this case and is/was unknown to Plaintiff's counsel, sent him an email on the afternoon of Friday May 30, informing him Defendant would file a motion to strike, and inquiring whether he would consent.  (Document No. 37).  Plaintiff's counsel contends he did not receive opposing counsel's email until June 3, 2014.

While a last minute email or voice mail message may appear to satisfy the requirement that a party "attempted to confer," the undersigned is not persuaded that such action indicates that a party has adequately "attempted in good faith to resolve areas of disagreement and set forth which issues remain unresolved."  Local Rule 7.1 (B).  Such last minute "attempts to confer" also provide little, if any, opportunity for parties to have a meaningful exchange regarding pending disputes or motions.  The litigants, their counsel, and the Court, typically benefit from appropriate consultation prior to filing a motion.  If nothing else, the Court is made aware of whether a motion is consented to, or a response in opposition will be filed, thus promoting judicial economy and efficiency.  It appears that counsel for both sides in this lawsuit have failed to appropriately confer.

It is common for motions filed in this district to be summarily denied if they fail to indicate that the requirement of consultation has been satisfied.  Under the circumstances, the

Court will allow Plaintiff the requested extension. However, both sides are respectfully advised to carefully abide by the Federal Rules and the Local Rules going forward. Failure to abide by the Rules may result in sanctions. See (Document No. 8, p.10).

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Reconsideration Of Extension Of Time To File Response To Defendant's Motion To Strike And Incorporated Memorandum Of Law" (Document No. 37) is **GRANTED**. Plaintiff shall file a response to Defendant's "Motion to Strike…" (Document No. 34) on or before **July 8, 2014**.

**SO ORDERED**.

Signed: June 19, 2014

David C. Keesler
United States Magistrate Judge